UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NELSON SANTIAGO, alias John Doe | : | |
| and ABEL SANCHEZ, alias John Doe | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | C.A. No. |
| | : | |
| MATTHEW SHERIDAN, Individually and in his | : | **PLAINTIFFS HEREBY** |
| Official Capacity as an Officer of the Providence | : | **DEMAND A TRIAL** |
| Police Department and CITY OF PROVIDENCE, | : | |
| by and through its Treasurer and Senior Advisor | : | |
| James J. Lombardi III | : | |
| Defendants. | : | |

## COMPLAINT

## PARTIES

1.     Plaintiff, NELSON SANTIAGO, is a resident of the City of Roslindale, County of Suffolk, Commonwealth of Massachusetts.

2.     Plaintiff, ABEL SANCHEZ, is a resident of the City of Boston, County of Suffolk, Commonwealth of Massachusetts.

3.     Defendant MATTHEW SHERIDAN (hereinafter "SHERIDAN"), upon information and belief, is a citizen and resident of City of Providence, State of Rhode Island and of the United States. SHERIDAN, who is being sued herein individually and in his official capacity, has been at all times relevant to this complaint, a duly appointed and acting police officer employed by the City of Providence. SHERIDAN participated in the excessive force and physical brutality against Plaintiffs SANTIAGO and SANCHEZ which led to their injuries.  SHERIDAN's acts or omissions that escalated or failed to mitigate the situation that led to sever injuries to Plaintiffs SANTIAGO and SANCHEZ.  SHERIDAN's exertion of brute force and power constitutes an egregious violation of Plaintiffs SANTIAGO and

SANCHEZ's civil rights.  SHERIDAN showed flagrant disregard for Plaintiffs SANTIAGO and SANCHEZ's civil rights, as they emanate from state and federal law and was otherwise negligent.

4.      Defendant, City of Providence (the "City"), is a duly incorporated municipality within the State of Rhode Island and County of Providence. At all relevant times, the City has been the governing entity for the law enforcement agency known as the Providence Police Department (the "Department").

5.      Defendant James Lombardi III ("Lombardi") is herein being sued in his representative capacity pursuant to R.I. Gen. Laws § 45-15-5, as current Treasurer and Senior Advisor of the City of Providence and should another individual occupy that position, this suit shall continue against said individual in his/her representative capacity.

## INTRODUCTION

6.      This is an action for monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and Article I, §§ 2, 5, 6, and 14 of the Rhode Island Constitution, and under the common law of the State of Rhode Island against SHERIDAN and the City of Providence.

7.      The individual police officer Defendant (SHERIDAN) made an unreasonable seizure of the person of Plaintiffs SANTIAGO and SANCHEZ, violating their rights under the Fourth and Fourteenth Amendments to the United States Constitution, and SHERIDAN assaulted and battered Plaintiffs SANTIAGO and SANCHEZ, ultimately causing serious injury to their bodies.  These violations and torts were committed as a result of policies and customs of the City of Providence.

2

## JURISDICTION & VENUE

8.      Jurisdiction of this Honorable Court is proper pursuant to 28 U.S.C. §§ 1331, 1332, 1343, 1367, and 42 U.S.C. §§ 1983, 1988.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to this claim occurred within the judicial district of Rhode Island.

## FACTUAL ALLEGATIONS

10.     The preceding paragraphs are incorporated by reference as if set forth fully herein.

11.     On November 13, 2016 at approximately 2:47am, officers of the Providence Police Department arrived at LOVERA, a night club located at 1280 Broad Street, Providence, RI to enforce the closing of the club.

12.     Officers instructed the patrons to enter their vehicles and leave the premises. As Plaintiff SANCHEZ was attempting to enter his vehicle and Plaintiff SANTIAGO was already sitting in the driver's side passenger seat, Plaintiff SANCHEZ instructed Plaintiff SANTIAGO to exit the front seat and move to the back seat.  At that time, Defendant SHERIDAN approached, yelled at Plaintiff SANCHEZ, grabbed him and began physically assaulting him.  Plaintiff SANTIAGO exited the vehicle and was immediately grabbed by Defendant SHERIDAN, thrown to the ground and further assaulted by Defendant SHERIDAN.

13.     SHERIDAN then placed SANTIAGO and SANCHEZ under arrest and took them into custody.

14.     The individual police officer Defendant SHERIDAN made an unreasonable

3

seizure of the person of Plaintiffs SANTIAGO and SANCHEZ, violating their rights under the Fourth and Fourteenth Amendments to the United States Constitution, and SHERIDAN assaulted and battered Plaintiffs SANTIAGO and SANCHEZ, ultimately causing serious injury to their bodies.  These violations and torts were committed as a result of policies and customs of the City of Providence.

**COUNT I**
**42 U.S.C. § 1983 Abuse of Power by Defendant SHERIDAN**
**against Plaintiff SANTIAGO**

15.     The prior paragraphs are incorporated by reference as if set forth fully herein.

16.     At all times relevant herein, SHERIDAN was acting under color of law by exercising power made possible because this Defendant was clothed with the authority of law.

17.     The actions of SHERIDAN in using unreasonable force against Plaintiff SANTIAGO violated Plaintiff SANTIAGO's rights under the Fourth and Fourteenth Amendments to the United States Constitution and displayed both deliberate indifference and reckless disregard of Plaintiff SANTIAGO's constitutional rights.

18.     Plaintiff SANTIAGO claims damages for the injuries set forth under 42 U.S. C. § 1983 against SHERIDAN for violation of his constitutional rights under color of law.

19.     SHERIDAN'S use of excessive force against Plaintiff SANTIAGO was not reasonable, but rather, constituted physical brutality in derogation of rights secured to Plaintiff SANTIAGO by the Fourth and Fourteenth Amendments to the United States Constitution.

20.     As a direct and proximate result of SHERIDAN's abuse of power, Plaintiff SANTIAGO has suffered damages, and these damages include but are not limited to severe

personal injuries, pain and suffering, emotional distress, medical treatment and expenses, lost wages, loss of earning capacity, and medical expenses that are expected to continue in the future and has been otherwise damaged in violation of 42 U.S.C. § 1983.

WHEREFORE, Plaintiff SANTIAGO seeks judgment against SHERIDAN for compensatory damages, punitive damages, attorney's fees and cost.

**COUNT II**
**42 U.S.C. § 1983 Abuse of Power by Defendant SHERIDAN**
**against Plaintiff SANCHEZ**

21.     The prior paragraphs are incorporated by reference as if set forth fully herein.

22.     At all times relevant herein, SHERIDAN was acting under color of law by exercising power made possible because this Defendant was clothed with the authority of law.

23.     The actions of SHERIDAN in using unreasonable force against Plaintiff SANCHEZ violated Plaintiff SANCHEZ's rights under the Fourth and Fourteenth Amendments to the United States Constitution and displayed both deliberate indifference and reckless disregard of Plaintiff SANCHEZ's constitutional rights.

24.     Plaintiff SANTIAGO claims damages for the injuries set forth under 42 U.S. C. § 1983 against SHERIDAN for violation of his constitutional rights under color of law.

25.     SHERIDAN'S use of excessive force against Plaintiff SANCHEZ was not reasonable, but rather, constituted physical brutality in derogation of rights secured to Plaintiff SANCHEZ by the Fourth and Fourteenth Amendments to the United States Constitution.

26.     As a direct and proximate result of SHERIDAN's abuse of power, Plaintiff SANCHEZ has suffered damages, and these damages include but are not limited to severe

personal injuries, pain and suffering, emotional distress, medical treatment and expenses, lost wages, loss of earning capacity, and medical expenses that are expected to continue in the future and has been otherwise damaged in violation of 42 U.S.C. § 1983.

WHEREFORE, Plaintiff SANCHEZ seeks judgment against SHERIDAN for compensatory damages, punitive damages, attorney's fees and cost.

## COUNT III
### Assault on Plaintiff SANTIAGO by Defendant SHERIDAN

27.     The preceding paragraphs are incorporated by reference as if set forth fully herein.

28.     SHERIDAN apprehended, restrained, and used unreasonable force upon Plaintiff SANTIAGO, causing Plaintiff SANTIAGO to suffer apprehension of an immediate harmful contact.

29.     SHERIDAN's negligent, reckless, and egregious conduct indicates a flagrant disregard for Plaintiff SANTIAGO's health and safety.

30.     As a direct and proximate result of the actions and/or omissions of SHERIDAN, Plaintiff SANTIAGO suffered severe personal injuries, pain  and suffering, emotional distress, medical treatment and expenses, lost wages, loss of  earning capacity, and has been otherwise damaged.

WHEREFORE, Plaintiffs SANTIAGO seeks judgment against SHERIDAN for compensatory damages, punitive damages, attorney's fees and costs.

## COUNT IV
### Assault on Plaintiff SANCHEZ by Defendant SHERIDAN

31.     The preceding paragraphs are incorporated by reference as if set forth fully herein.

32.     SHERIDAN apprehended, restrained, and used unreasonable force upon Plaintiff SANCHEZ, causing Plaintiff SANCHEZ to suffer apprehension of an immediate harmful contact.

33.     SHERIDAN's negligent, reckless, and egregious conduct indicates a flagrant disregard for Plaintiff SANCHEZ's health and safety.

34.     As a direct and proximate result of the actions and/or omissions of SHERIDAN, Plaintiff SANCHEZ suffered severe personal injuries, pain and suffering, emotional distress, medical treatment and expenses, lost wages, loss of earning capacity, and has been otherwise damaged.

WHEREFORE, Plaintiff SANCHEZ seeks judgment against SHERIDAN for compensatory damages, punitive damages, attorney's fees and costs.

## COUNT V
## Battery of Plaintiff SANTIAGO by Defendant SHERIDAN

35.     The preceding paragraphs are incorporated by reference as if set forth fully herein.

36.     SHERIDAN attacked, restrained, and used unreasonable force upon Plaintiff SANTIAGO.

37.     SHERIDAN struck Plaintiff SANTIAGO, aggressively causing him to suffer serious bodily injury.

38.     The acts of SHERIDAN were done without Plaintiff SANTIAGO's consent.

39.     As a direct and proximate result of the actions and/or omissions of SHERIDAN, Plaintiff SANTIAGO suffered severe personal injuries, pain and suffering,

emotional distress, medical treatment and expenses, lost wages, loss of earning capacity, and have been otherwise damaged.

WHEREFORE, Plaintiff SANTIAGO seeks judgment against SHERIDAN for compensatory damages, punitive damages, attorney's fees and costs.

<u>**COUNT VI**</u>
<u>**Battery of Plaintiff SANCHEZ by Defendant SHERIDAN**</u>

40.    The preceding paragraphs are incorporated by reference as if set forth fully herein.

41.    SHERIDAN attacked, restrained, and used unreasonable force upon Plaintiff SANCHEZ.

42.    SHERIDAN struck Plaintiff SANCHEZ, aggressively causing him to suffer serious bodily injury.

43.    The acts of SHERIDAN were done without Plaintiff SANCHEZ's consent.

44.    As a direct and proximate result of the actions and/or omissions of SHERIDAN, Plaintiff SANCHEZ suffered severe personal injuries, pain  and suffering, emotional distress, medical treatment and expenses, lost wages, loss of earning capacity, and have been otherwise damaged.

WHEREFORE, Plaintiff SANCHEZ seeks judgment against SHERIDAN for compensatory damages, punitive damages, attorney's fees and costs.

<u>**COUNT VII**</u>
<u>**Intentional Infliction of Emotional Distress by Defendant SHERIDAN**</u>
<u>**on Plaintiff SANTIAGO**</u>

45.    The prior paragraphs are incorporated by reference as if set forth fully herein.

46.    SHERIDAN intentionally and/or recklessly used excessive force against Plaintiff SANTIAGO without justification and otherwise causing him harm.

47.     SHERIDAN's conduct was outrageous and egregious.

48.     There is a causal connection between the SHERIDAN's conduct and the emotional distress suffered by Plaintiff SANTIAGO.

49.     As a direct and proximate result of the actions and/or omissions of SHERIDAN, Plaintiff SANTIAGO suffered emotional distress and serious mental anguish.

50.     As a direct and proximate result of the actions and/or omissions of SHERIDAN, Plaintiff SANTIAGO suffered severe personal injuries, pain and suffering, emotional distress, medical treatment and expenses, lost wages, loss of earning capacity, and has been otherwise damaged.

WHEREFORE, Plaintiff SANTIAGO seeks judgment against SHERIDAN for compensatory damages, punitive damages, attorney's fees and costs.

### COUNT VIII
### Intentional Infliction of Emotional Distress by Defendant SHERIDAN
### on Plaintiff SANCHEZ

51.     The prior paragraphs are incorporated by reference as if set forth fully herein.

52.     SHERIDAN intentionally and/or recklessly used excessive force against Plaintiff SANCHEZ without justification and otherwise causing him harm.

53.     SHERIDAN's conduct was outrageous and egregious.

54.     There is a causal connection between the SHERIDAN's conduct and the emotional distress suffered by Plaintiff SANCHEZ.

55.     As a direct and proximate result of the actions and/or omissions of SHERIDAN, Plaintiff SANCHEZ suffered emotional distress and serious mental anguish.

56.     As a direct and proximate result of the actions and/or omissions of SHERIDAN, Plaintiff SANCHEZ suffered severe personal injuries, pain and suffering,

emotional distress, medical treatment and expenses, lost wages, loss of earning capacity, and has been otherwise damaged.

WHEREFORE, Plaintiff SANCHEZ seeks judgment against SHERIDAN for compensatory damages, punitive damages, attorney's fees and costs.

## COUNT IX
## 42 U.S.C. § 1983 Against City of Providence
## as to Plaintiff SANTIAGO

57.     The preceding paragraphs are incorporated by reference as if set forth fully herein.

58.     Defendant City, through its police department, developed and maintained customs, policies, and/or practices exhibiting deliberate indifference to the constitutional rights of its citizens which caused the violations of SANTIAGO's rights.

59.     It was the custom, policy, and/or practice of the Department and the City to provide no training or grossly inadequate training to its police officers regarding the following: their duties, responsibilities, and conduct towards individuals; use of force; preventing abuse of authority; communicating with citizens; tactics for approaching and otherwise de-escalating situations; the duty to communicate an arrest warrant to an individual; unlawful search and seizure; and properly restraining individuals.

60.     It was the policy and/or custom or practice of the Department and the City to conduct grossly inadequate screening in the hiring of its police officers regarding the officers' propensities for violence and abuse of authority.

61.     The Department and the City has been deliberately indifferent in training, supervising, and disciplining police officers regarding their duties, responsibilities, and conduct toward citizens; use of force; preventing abuse of authority; communicating with

citizens; tactics for approaching and otherwise de-escalating situations; the duty to communicate an arrest warrant to an individual; unlawful search and seizure; and properly restraining individuals.

62. The Department and the City has been deliberately indifferent in screening and hiring police officers who demonstrate propensities for violence and abuse of authority.

63. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City to the constitutional rights of persons within the City and were the cause of the violations of Plaintiff SANTIAGO's rights alleged herein.

64. As a direct and proximate result of the foregoing acts, omissions, systemic deficiencies and deliberate indifference on the part of the City, through its police department, Plaintiff SANTIAGO was deprived of his constitutional rights, suffered severe personal injuries, pain and suffering, emotional distress, medical treatment and expenses, lost wages, loss of earning capacity, and have been otherwise damaged.

WHEREFORE, Plaintiff SANTIAGO seeks judgment against the City of Providence for compensatory and punitive damages, together with attorney's fees and costs.

**COUNT X**
**42 U.S.C. § 1983 Against City of Providence**
**as to Plaintiff SANCHEZ**

65. The preceding paragraphs are incorporated by reference as if set forth fully herein.

66. Defendant City, through its police department, developed and maintained customs, policies, and/or practices exhibiting deliberate indifference to the constitutional rights of its citizens which caused the violations of SANCHEZ's rights.

67.     It was the custom, policy, and/or practice of the Department and the City to provide no training or grossly inadequate training to its police officers regarding the following: their duties, responsibilities, and conduct towards individuals; use of force; preventing abuse of authority; communicating with citizens; tactics for approaching and otherwise de-escalating situations; the duty to communicate an arrest warrant to an individual; unlawful search and seizure; and properly restraining individuals.

68.     It was the policy and/or custom or practice of the Department and the City to conduct grossly inadequate screening in the hiring of its police officers regarding the officers' propensities for violence and abuse of authority.

69.     The Department and the City has been deliberately indifferent in training, supervising, and disciplining police officers regarding their duties, responsibilities, and conduct toward citizens; use of force; preventing abuse of authority; communicating with citizens; tactics for approaching and otherwise de-escalating situations; the duty to communicate an arrest warrant to an individual; unlawful search and seizure; and properly restraining individuals.

70.     The Department and the City has been deliberately indifferent in screening and hiring police officers who demonstrate propensities for violence and abuse of authority.

71.     The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City to the constitutional rights of persons within the City and were the cause of the violations of Plaintiff SANCHEZ's rights alleged herein.

72.     As a direct and proximate result of the foregoing acts, omissions, systemic deficiencies and deliberate indifference on the part of the City, through its police department,

Plaintiff SANCHEZ was deprived of his constitutional rights, suffered severe personal injuries, pain and suffering, emotional distress, medical treatment and expenses, lost wages, loss of earning capacity, and have been otherwise damaged.

WHEREFORE, Plaintiff SANCHEZ seeks judgment against the City of Providence for compensatory and punitive damages, together with attorney's fees and costs.

**COUNT XI**
**Violations of Art. I §§ 2, 6, and 14 of the R.I. Constitution**
**Against Defendant SHERIDAN as to**
**Plaintiff SANTIAGO**

73.     The preceding paragraphs are incorporated by reference as if set forth fully herein.

74.     The actions of SHERIDAN in using unreasonable force upon Plaintiff SANTIAGO causing serious injuries, were without just cause and in violation of Plaintiff SANTIAGO's rights under Article I, §§ 2, 6, and 14 of the Rhode Island Constitution.

75.     The conduct and actions of SHERIDAN were not reasonable, necessary or just, and constitute an abuse of power which led to the seizure of Plaintiff SANTIAGO's persons, and thus, deprived Plaintiff SANTIAGO of his rights under Article I, §§ 2, 6, and 14 of the Rhode Island Constitution.

76.     SHERIDAN's conduct in using unreasonable force upon Plaintiff SANTIAGO causing serious injuries was not reasonable, but rather, constitutes excessive force and physical brutality; as such, this violent and capricious exertion of power violated Plaintiff SANTIAGO's rights under Article I, §§ 2, 6, and 14 of the Rhode Island Constitution.

77.     As a direct and proximate result of the actions of SHERIDAN, Plaintiff SANTIAGO was deprived of his constitutional rights, Plaintiff SANTIAGO suffered severe

personal injuries, pain and suffering, emotional distress, medical treatment and expenses, lost wages, loss of earning capacity, and has been otherwise damaged.

WHEREFORE, Plaintiff SANTIAGO seeks judgment against the SHERIDAN for compensatory and punitive damages, together with attorney's fees and costs.

### COUNT XII
### Violations of Art. I §§ 2, 6, and 14 of the R.I. Constitution
### Against Defendant SHERIDAN as to
### Plaintiff SANCHEZ

78.     The preceding paragraphs are incorporated by reference as if set forth fully herein.

79.     The actions of SHERIDAN in using unreasonable force upon Plaintiff SANCHEZ causing serious injuries, were without just cause and in violation of Plaintiff SANCHEZ's rights under Article I, §§ 2, 6, and 14 of the Rhode Island Constitution.

80.     The conduct and actions of SHERIDAN were not reasonable, necessary or just, and constitute an abuse of power which led to the seizure of Plaintiff SANCHEZ's persons, and thus, deprived Plaintiff SANCHEZ of his rights under Article I, §§ 2, 6, and 14 of the Rhode Island Constitution.

81.     SHERIDAN's conduct in using unreasonable force upon Plaintiff SANCHEZ causing serious injuries was not reasonable, but rather, constitutes excessive force and physical brutality; as such, this violent and capricious exertion of power violated Plaintiff SANCHEZ's rights under Article I, §§ 2, 6, and 14 of the Rhode Island Constitution.

82.     As a direct and proximate result of the actions of SHERIDAN, Plaintiff SANCHEZ was deprived of his constitutional rights, Plaintiff SANCHEZ suffered severe personal injuries, pain and suffering, emotional distress, medical treatment and expenses, lost

wages, loss of earning capacity, and has been otherwise damaged.

WHEREFORE, Plaintiff SANCHEZ seeks judgment against the SHERIDAN for compensatory and punitive damages, together with attorney's fees and costs.

**COUNT XIII**
**Violations of Art. I § 2, 6, and 14 of the R.I. Constitution**
**Against the City of Providence as to**
**Plaintiff SANTIAGO**

83.     The preceding paragraphs are incorporated by reference as if set forth fully herein.

84.     Defendant the City, through its police department, developed and maintained customs, policies, and/or practices exhibiting deliberate indifference to citizens who participate in government could avail themselves of equal protection of the laws under Article I § 2 of the Rhode Island Constitution.

85.     The City knew or should have known that the failure to generate preventive procedures or train officers in dealing with citizens who participate in government in violation of Article I § 2 of the Rhode Island Constitution.

86.     The Department and the City failed to establish policies and training procedures for the Department that addressed the protection, safety, and happiness of its citizens in violation of Article I § 2 of the Rhode Island Constitution.

87.     It was the custom, policy, and/or practice of the Department and the City to provide no training or grossly inadequate training to its police officers regarding the following: their duties, responsibilities, and conduct towards individuals; use of force; preventing abuse of authority; communicating with citizens; tactics for approaching and otherwise de-escalating situations; the duty to communicate an arrest warrant to an

individual; unlawful search and seizure; and properly restraining individuals.

88.     It was the policy and/or custom or practice of the Department and the City to conduct grossly inadequate screening in the hiring of its police officers regarding the officers' propensities for violence and abuse of authority.

89.     The Department and the City have been deliberately indifferent in screening and hiring police officers who demonstrate propensities for violence and abuse of authority.

90.     The Department and the City have been deliberately indifferent in training, supervising, and disciplining police officers regarding their duties, responsibilities, and conduct toward citizens; use of force; preventing abuse of authority; communicating with citizens; tactics for approaching and otherwise de-escalating situations; and properly restraining individuals.

91.     The Department and the City have deliberately failed to properly oversee and/or discipline police officers, who they knew or should have known, used excessive force and/or abused their power or who had a propensity to use excessive force and/or abuse their power.

92.     The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City to the constitutional rights of persons within the City and were the cause of the violations of Plaintiff SANTIAGO's rights alleged herein.

93.     As a direct and proximate result of the foregoing acts, omissions, systemic deficiencies and deliberate indifference on the part of the City, Plaintiff SANTIAGO was deprived of their rights under Article I § 2, 6, 14 of the Rhode Island Constitution, Plaintiff SANTIAGO suffered severe personal injuries, pain and suffering, emotional distress,

medical treatment and expenses, lost wages, loss of earning capacity, and has been otherwise damaged.

WHEREFORE, Plaintiffs SANTIAGO seek judgment against the Department and the City for compensatory and punitive damages, together with attorney's fees and costs.

**COUNT XIV**
**Violations of Art. I § 2, 6, and 14 of the R.I. Constitution**
**Against the City of Providence as to**
**Plaintiff SANCHEZ**

94.     The preceding paragraphs are incorporated by reference as if set forth fully herein.

95.     Defendant the City, through its police department, developed and maintained customs, policies, and/or practices exhibiting deliberate indifference to citizens who participate in government could avail themselves of equal protection of the laws under Article I § 2 of the Rhode Island Constitution.

96.     The City knew or should have known that the failure to generate preventive procedures or train officers in dealing with citizens who participate in government in violation of Article I § 2 of the Rhode Island Constitution.

97.     The Department and the City failed to establish policies and training procedures for the Department that addressed the protection, safety, and happiness of its citizens in violation of Article I § 2 of the Rhode Island Constitution.

98.     It was the custom, policy, and/or practice of the Department and the City to provide no training or grossly inadequate training to its police officers regarding the following: their duties, responsibilities, and conduct towards individuals; use of force; preventing abuse of authority; communicating with citizens; tactics for approaching and otherwise de-escalating situations; the duty to communicate an arrest warrant to an

individual; unlawful search and seizure; and properly restraining individuals.

99.     It was the policy and/or custom or practice of the Department and the City to conduct grossly inadequate screening in the hiring of its police officers regarding the officers' propensities for violence and abuse of authority.

100.    The Department and the City have been deliberately indifferent in screening and hiring police officers who demonstrate propensities for violence and abuse of authority.

101.    The Department and the City have been deliberately indifferent in training, supervising, and disciplining police officers regarding their duties, responsibilities, and conduct toward citizens; use of force; preventing abuse of authority; communicating with citizens; tactics for approaching and otherwise de-escalating situations; and properly restraining individuals.

102.    The Department and the City have deliberately failed to properly oversee and/or discipline police officers, who they knew or should have known, used excessive force and/or abused their power or who had a propensity to use excessive force and/or abuse their power.

103.    The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City to the constitutional rights of persons within the City and were the cause of the violations of Plaintiff SANCHEZ's rights alleged herein.

104.    As a direct and proximate result of the foregoing acts, omissions, systemic deficiencies and deliberate indifference on the part of the City, Plaintiff SANCHEZ was deprived of their rights under Article I § 2, 6, 14 of the Rhode Island Constitution, Plaintiff SANCHEZ suffered severe personal injuries, pain and suffering, emotional distress, medical

treatment and expenses, lost wages, loss of earning capacity, and has been otherwise damaged.

WHEREFORE, Plaintiffs SANCHEZ seek judgment against the Department and the City for compensatory and punitive damages, together with attorney's fees and costs.

### COUNT XV
### Vicarious Liability of the City of Providence
### as to Plaintiff SANTIAGO

105.   The preceding paragraphs are incorporated by reference as if set forth fully herein.

106.   At all relevant times, SHERIDAN was an employee and/or agent of the City and was acting within the course and scope of his employment and agency.

107.   As a direct and proximate result of the SHERIDAN's negligence or gross negligence, reckless disregard, and heedless indifference as aforementioned, Plaintiff SANTIAGO suffered severe personal injuries, pain and suffering, emotional distress, medical treatment and expenses, lost wages, loss of earning capacity, and have been otherwise damaged.

WHEREFORE, Plaintiff SANTIAGO seeks judgment against the City for compensatory and punitive damages, together with attorney's fees and costs.

### COUNT XVI
### Vicarious Liability of the City of Providence
### as to Plaintiff SANCHEZ

108.   The preceding paragraphs are incorporated by reference as if set forth fully herein.

109.   At all relevant times, SHERIDAN was an employee and/or agent of the City and was acting within the course and scope of his employment and agency.

110.    As a direct and proximate result of the SHERIDAN's negligence or gross negligence, reckless disregard, and heedless indifference as aforementioned, Plaintiff SANCHEZ suffered severe personal injuries, pain and suffering, emotional distress, medical treatment and expenses, lost wages, loss of earning capacity, and have been otherwise damaged.

WHEREFORE, Plaintiffs SANCHEZ seeks judgment against the City for compensatory and punitive damages, together with attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, NELSON SANTIAGO and ABLE SANCHEZ pray that judgment for the following relief be entered in his favor and against Defendants:

a.   all reasonable compensatory damages, including for personal injury, medical bills, mental anguish, emotional distress, pain and suffering, lost wages, and loss of earning capacity;

b.   punitive damages;

c.   reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and for the prosecution of the Plaintiff's 42 U.S.C. § 1983 claims;

d.   reasonable attorney's fees and court costs pursuant to federal and state law;

e.   legal interest; and

f.   such other and further relief as this Honorable Court deems right and just.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.**

PLAINTIFFS,
NELSON SANTIAGO and ABEL
SANCHEZ,
By their Attorneys,


/s/ Albert E. Medici, Jr.
Albert E. Medici, Jr., Esq. (R.I. Bar No. 4584)
MEDICI & SCIACCA, P.C.
1312 Atwood Avenue
Johnston, RI 02919
Telephone: (401) 946-3910
Facsimile:  (401) 942- 4918
Email: am@mslaw-pc.com

DATED:  November 11, 2019