UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NELSON SANTIAGO; and ABEL )
SANCHEZ, )
    Plaintiffs, )
)
v. )
) C.A. No. 19-591-JJM-PAS
MATTHEW SHERIDAN, )
*Individually and in his Official Capacity as* )
*an Officer of the Providence Police* )
*Department*; and CITY OF PROVIDENCE, )
*by and through the Treasurer and Sr.* )
*Advisor James J. Lombardi*, )
    Defendants. )

## ORDER

This matter involves an allegation that Providence Police Officer Matthew Sheridan[1] physically injured Nelson Santiago and Abel Sanchez and then arrested them in violation of their constitutional rights and state laws.

The Plaintiffs describe the facts as follows: "On November 13, 2016 at approximately 2:47 a.m., officers of the Providence Police Department arrived at . . . a night club [in] Providence, R.I. to enforce the closing of the club. Officers instructed the patrons to enter their vehicles and leave the premises. As [Mr. Sanchez] was attempting to enter his vehicle and [Mr. Santiago] was already sitting in the driver's

---

[1] Officer Sheridan has been, or is, a defendant in three other federal cases. *Howie v. City of Providence by & Through Lombardi*, 354 F. Supp. 3d 121 (D.R.I. 2019); *Fajardo v. Sheridan*, 18-cv-523-JJM-PAS, 2023 WL 2088031 (D.R.I. Feb. 16, 2023), *appeal dismissed*, 23-1244, 2023 WL 5971913 (1st Cir. July 5, 2023); *Johnson v. Sheridan et al.*, 1:19-cv-00283-MSM-PAS; and this case.

side passenger seat, [Mr. Sanchez] instructed [Mr. Santiago] to exit the front seat and move to the back seat. At that time, [Officer Sheridan] approached, yelled at [Mr. Sanchez], grabbed him and began physically assaulting him. [Mr. Santiago] exited the vehicle and was immediately grabbed by [Officer Sheridan], thrown to the ground and further assaulted by [him]. [Officer Sheridan] then placed [Messrs. Santiago and Sanchez] under arrest and took them into custody." ECF No. 1 at 3 (cleaned up).

Messrs. Santiago and Sanchez brought claims for assault, battery, intentional infliction of emotional distress, and excessive force against Officer Sheridan (Counts I-VIII, XI-XII). *Id.* at 4-15. They also brought claims against the City of Providence ("City") as his employer (Counts IX-X, XIII-XVI), including two claims for vicarious liability (Counts XV and XVI). *Id.* at 10-20. The City moved for partial summary judgment in its favor, which the Court granted in part in November 2023.[2] ECF No. 30; Text Order, November 7, 2023. In doing so, the Court noted that "claims for vicarious liability due to intentional accounts are dismissed, but the City has not moved for summary judgment on Counts [XV] or [XVI] to the extent that the acts forming the basis thereon are based on negligent or other similar unintentional conduct." The Court reserved judgment on these grounds. Text Order, November 7, 2023.

The City now looks to close the loop. Moving for summary judgment a second time, the City argues that vicarious liability cannot apply because the Plaintiffs have

---

[2] Plaintiffs did not respond, and the Court resolved the motion without opposition.

2

not sued Officer Sheridan for negligence. ECF No. 41. Additionally, Officer Sheridan moves for summary judgment on claims brought against him by Mr. Santiago, arguing that Mr. Santiago was arrested by a different officer. ECF No. 43.

## I. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure requires the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. More particularly,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When deciding whether to grant summary judgment, the Court must "view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Barbour v. Dynamics Rsch. Corp.*, 63 F.3d 32, 36 (1st Cir. 1995) (citation omitted). "[M]ere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). "'[G]enuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party . . . . '[M]aterial' means that the fact is one that might affect the outcome of the suit under the governing law." *Morris v. Gov't Dev. Bank of Puerto*

*Rico*, 27 F.3d 746, 748 (1st Cir. 1994) (internal quotation marks and citations omitted).

## II.   CITY'S MOTION FOR SUMMARY JUDGMENT

The City claims that the two counts left against it for vicarious liability (Counts XV and XVI), should now be dismissed because the underlying counts are all for intentional conduct. ECF No. 41. The counts that remain against Officer Sheridan are for § 1983 violations of abuse of power (excessive force) (Counts I and II); assault and battery (Counts III-VI); intentional infliction of emotional distress (Counts VII and VIII); and violations of the R.I. Constitution (Counts XI and XII). The City argues that because all the substantive counts involve intentional torts (and there is no vicarious liability under § 1983),[3] it is entitled to judgment as to Counts XV and XVI.

The problem with the City's argument is that the Plaintiffs' can prove their claims for intentional infliction of emotional distress (Counts VII and VIII) by showing reckless (and therefore nonintentional) conduct.[4] *See Swerdlick v. Koch*, 721 A.2d 849, 862 (R.I. 1998). Generally, an employer may be liable for an employee's conduct within the scope of employment (*see Vargas Mfg. Co. v. Friedman*, 661 A.2d 48, 53 (R.I. 1995)), including the "reckless, willful, intentional, wanton, or malicious acts of its employees." *See, e.g., Farmers Bank & Tr. v. Homestead Cmty. Dev.*, 476 P.3d 1, 18 (Kan. Ct. App. 2020). Officer Sheridan is alleged to have recklessly caused

---

[3] *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690-91 (1978) (a municipality cannot be liable under § 1983 under a theory of respondeat superior but may be liable if an official custom or policy caused the injury).

[4] Additionally—as the Court has discussed in prior cases against the City and Mr. Sheridan—the vicarious liability counts include allegations of "negligence or gross negligence, reckless disregard, and heedless indifference," which are sufficient to withstand summary judgment. *Fajardo*, 2023 WL 2088031, at *3.

4

Mssrs. Santiago and Sanchez emotional distress in the process making an arrest, which was within the scope of his employment. Plaintiffs' claims for intentional infliction of emotional distress are supported by sufficient evidence, and the issue should be decided by a jury. *See, e.g., Doe v. Brown Univ.*, 43 F.4th 195, 212 (1st Cir. 2022).

The Court thus DENIES the City's Second Motion for Summary Judgment on Counts XV and XVI. ECF No. 41.

### III.   OFFICER SHERIDAN'S MOTION FOR SUMMARY JUDGMENT

Officer Sheridan moves for summary judgment on all claims filed against him by Mr. Santiago, including Counts I, III, V, VII, and XI. ECF Nos. 1, 43. He asserts the following based on Mr. Santiago's sworn deposition testimony:

> According to [Mr.] Santiago, he observed [Officer] Sheridan and [Mr.] Sanchez physically engage with each other. Other officers joined to assist [Officer] Sheridan with his attempt to subdue [Mr.] Sanchez. [Mr.] Santiago exited the vehicle and approached the officers to protest their handling of his friend. However, according to [Mr.] Santiago, he kept his distance and had no contact with Officer Sheridan. Rather, he found himself being pulled away and subdued by other officers who arrested him while Officer Sheridan continued to engage with and arrest [Mr.] Sanchez.   [Mr.] Santiago was transported from the scene separately. [Mr.] Santiago does not know who it was that arrested him or transported him but confirmed at this deposition that it was not Officer Sheridan.

ECF No. 43-1 at 3.

Mr. Santiago responds by quoting from Mr. Santiago's sworn answers to interrogatories.

> I then stepped outside of the car and says "Hey stop, you guys are going to kill him if you don't stop, he hasn't done anything wrong we are just trying to go home." [Officer] Sheridan in rage then grabs me and things instantly spiraled out of control, which led to me being thrown to the ground, face mushed on to the pavement, assaulted with a hard object

5

<u>to the back of the head and almost choked unconscious from a knee being forced on my neck</u>. I had to try to yell "I can't breathe!" Multiple times hoping they would hear me to try to get them to stop. My leg was then stomped on a numerous amounts of times by officers while I was on the ground in cuffs, which resulted in my ankle being sprained and my right foot to be fractured. <u>Officer Sheridan put the hand cuffs on me so tight my wrist was bruised and in pain for days</u>. (Emphasis added)

ECF No. 45-1 at 2.

Acknowledging the discrepancies between Mr. Santiago's discovery responses but affording him all reasonable inferences because he is the nonmovant, there is a genuine issue of material fact to be decided by a jury as to whether Officer Sheridan engaged in excessive force as to Mr. Santiago—as well as Mr. Sanchez.

The Court thus DENIES Officer Sheridan's Motion for Summary Judgment as to Counts I, III, V, VII, and XI. ECF No. 43.

## IV. CONCLUSION

Because there are genuine issues of material fact to be determined by a jury, the Court DENIES the Motions for Summary Judgment by the City and by Officer Sheridan. ECF Nos. 41 and 43.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
Chief Judge
United States District Court

April 12, 2024

6