MJC:maz 95465 \Pleadings\95465 72 MIL re Prior and Sub Complts 5-28-24

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NELSON SANTIAGO, ET AL | : | |
| | : | |
| VS. | : | C.A. NO. 1:19-cv-00591-JJM-PAS |
| | : | |
| MATTHEW SHERIDAN, ET AL | : | |

**DEFENDANTS' MOTION IN LIMINE RE: "*MONELL* EVIDENCE" INCLUDING BUT NOT LIMITED TO PRIOR AND SUBSEQUENT COMPLAINTS OF MISCONDUCT/DISCIPLINARY HISTORY**

*[In addition to the content of this motion, the defendants incorporate the factual background enunciated in their pre-trial memorandum of law.]*

Now come the defendants and move, *in limine*, to preclude the plaintiffs from introducing and/or referencing evidence commonly offered to establish municipal liability, including but not limited to, the existence of other complaints and/or allegations of misconduct on the part of the defendant Sheridan, as well as any disciplinary proceedings against him.

**ARGUMENT**

During the discovery of this action, Plaintiff requested:

> Any and all documents, discovery responses (responses to Requests for Production and Answers to Interrogatories), responses to subpoenas received by the Defendant in the matters of *Esmelin Fajardo v. Matthew Sheridan, et. al.*, C.A. No. 1:18-CV-00523-JJM-PAS, *Christopher Johnson v. City of Providence, et. al.*, C.A. No.1:19-CV-00283-JJM-PAS and *Charm Howie v. City of Providence, et. al.*, C.A. No. 1:17-CV-00604.

Each of the above-mentioned matters involved claims of municipal liability against the City pursuant to 42 U.S.C. §1983. As the Court knows, the discovery in *Monell* cases is exhaustive and far reaching. However, just because something is discoverable does not make it relevant.

All relevant evidence is admissible except as otherwise provided by the Constitution, laws, or rules of the court. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable

than it would be without the evidence. Fed. R. Evid. 401. Because all of the *Monell* claims against the City have been dismissed, any evidence to support those claims is not relevant and therefore inadmissible. As such, the Defendants request an order *in limine* prohibiting the Plaintiffs from offering testimony or other evidence regarding training (remedial or otherwise), discipline, hiring, supervision, statistics provided for *Monell* discovery, and any lawsuits filed against the City including cases that have been settled.

The City of Providence similarly moves to exclude any and all evidence of past and/or subsequent allegations of misconduct against the defendant police officers and any and all such allegations against any non-defendant Providence police officers, including all evidence of citizen complaints of misconduct. All claims for municipal liability have already been dismissed in this action by way of summary judgment. The only remaining potential basis for liability is on vicarious liability for any negligent unintentional conduct that defendant Sheridan may be liable for. Even if the municipal liability claims had not been previously dismissed, such evidence would have still been inappropriate or, at best, require bifurcation, *See Lund v. Henderson*, 807 F.3d 6, 11 (1st Cir. 2015); *DiRico v. City of Quincy*, 404 F.3d 464, 468 (1st Cir. 2005); *Ruffin v. City of Boston*, 146 Fed.Appx. 501, 508 (D. Mass. 2005); *Hagopian v. City of Newport*, C.A. No. No. CV 18-283 WES, 2021 WL 4742701, at *4 (D.R.I. Oct. 12, 2021) (*quoting Parker v. Landry*, 935 F.3d 9, 15 (1st Cir. 2019)); *Febus-Rodriguez v. Betancourt-Lebron* 14 F.3d 87, 93-4 (1st Cir. 1994).

Should this Court determine that *Monell* discovery is indeed relevant to the matters pending before the Court, the Defendants specifically move to prohibit Plaintiff from introducing and/or referencing the existence of other complaints and/or allegations of misconduct on the part of the defendant Sheridan, as well as any disciplinary proceedings against him

During discovery, it was disclosed that the defendant officer had certain complaints and/or disciplinary matters filed against him during his career with the Providence Police Department. Said discovery was in response to the plaintiffs' discovery request to the City in connection with the municipal liability claims against it. Said claims have since been dismissed.

Defendant Sheridan has been named, alone or with others, in four lawsuits (including the case at bar). Two have been settled and dismissed. One, involving a disturbance at a nightclub (Club Aqua), was tried against the arrestee in the state district court. In that matter, Judge Alan Goulart, after a full trial, specifically found that Sheridan's use of force was objectively reasonable. (Prior to

that trial, he had received internal retraining on the use of pepper spray, the police baton, and handcuffing techniques.)  Other than that, Sheridan was disciplined for failing to appear at a parade, untimely responses to emails, and an off-duty incident at a bar on Block Island.  He also received remedial training on report writing and vehicle pursuits.  He had one civilian complaint relating to his issuance of a traffic citation, for which he was exonerated.

The defense moves, in limine, that such matters not be referenced during the trial of this matter.  For those complaints which remain pending or which were never adjudicated, that, in and of itself, is reason enough to exclude the same, as it will require trials within this trial, in order for the defendants to clarify and/or defend themselves on the matters.  As to those matters which have been adjudicated, likewise, no reference should be made to the same because it brings before the jury improper "character" evidence.

Such evidence would be clearly impermissible under Rule 404, *see Tigges v. Cataldo*, 611 F.2d 936 (1st Cir. 1979).  At issue in the *Tigges* case was the plaintiff's right to cross-examine a defendant police officer on certain of his interrogatory answers concerning internal procedures for abuse of authority, and whether or not the officer had prior charges against him and, if so, what they were.  Using strong language that past disciplinary proceedings against a police officer are not admissible, the *Tigges* court ruled that the inquiry in question would have thrust before the jury the otherwise inadmissible issue of a police officer's past disciplinary records which would have been highly prejudicial to him.  The court ruled that the evidence was nothing more than an attempt to show the bad character of the police officer and to show that he acted in conformity therewith, *Id.* at 938 and 99.

In *Brooks v. Schieb*, 813 F.2d 1191 (11th Cir. 1987), the court refused to allow evidence of 10 prior citizens' complaints that had been lodged against one of the defendant police officers.  There, the court stated that courts traditionally harbor strong misgivings about allowing allegations of past wrongdoings to bias judges and juries harboring new charges, *Id.* at 1194.  The court also noted that the relevance of past complaints against police officers is especially dubious since officers in high crime areas attract a greater number of citizens' complaints, *Id.*

This Circuit continues to favor the non-admissibility of such evidence in these types of cases. In the matter of *DiRico v. City of Quincy*, 404 F.3d 464 (1st Cir. 2005), the plaintiff in an excessive force action against a city police officer attempted to introduce evidence of a prior complaint filed by

motorists who had been stopped by the defendant on another occasion. In consistent fashion, the court noted that Rule 404(b) provides that evidence of other crimes, wrongs or acts is not admissible to prove the character of the person or that such person acted in conformity therewith, *Id*. Unless it can be shown that the evidence has special relevance, such as those exceptions listed in Rule 404(b) and, secondly, that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, then the evidence is properly excluded, *Id*.

Likewise, in *Lund v. Henderson*, 807 F.3d 6 (1st Cir. 2015), an officer was sued for excessive force while trying to disperse an unruly crowd. The officer had several prior complaints filed against him which were excluded by the court as impermissible character evidence. The appellate court noted that it was difficult to see how such evidence would have been admissible at all, *Id*. at 10. Any possible relevance was clearly outweighed by the threat of unfair prejudice, *Id*. More importantly, the court noted, admitting such evidence would have turned the trial into a series of mini trials as the officer contested each of the prior complaints, *Id*.

In *Kourtalis v. City of New York*, 191 A.2D 480 (N.Y.A.D. 2 Dept. 1993), an action was brought against the city transit authority and its police officer to recover damages for assault and battery, false arrest and malicious prosecution. The officer contended on appeal that he was deprived of a fair trial, as the trial court permitted opposing counsel to cross-examine him as to certain civilian complaints that were contained in his personal file, *Id*. at 481. The appellate court agreed with the defendant and found that the trial court committed reversible error by allowing the introduction of those five civilian complaints which the court ruled constituted unsubstantiated hearsay, *Id*. The court also found that the introduction of such evidence violated the general rule of evidence, applicable to both civil and criminal cases, "that it is improper to prove that a person did an act on a particular occasion by showing that he did a similar act on a different, unrelated occasion," *Id*. In other words, it was violative of Rule 404.

As such, your defendants respectfully request that this motion be granted.

| DEFENDANT, CITY OF PROVIDENCE,<br>By its Attorneys, | DEFENDANT, SHERIDAN<br>By his Attorney, |
|---|---|
| /s/ Jillian H. Barker<br>Jillian H. Barker, Esq. #8353<br>Senior Assistant City Solicitor<br>/s/ Steven B. Nelson<br>Steven B. Nelson, Esq. #8142<br>Senior Assistant City Solicitor<br>CITY OF PROVIDENCE<br>444 Westminster Street, Suite 220<br>Providence, RI  02903<br>PHONE:  (401) 680-5520<br>FAX:  (401) 680-5333<br>EMAIL:  jbarker@providenceri.gov<br>EMAIL:  snelson@providenceri.gov | /s/ Michael J. Colucci<br>Michael J. Colucci, Esq. #3303<br>OLENN & PENZA, LLP<br>530 Greenwich Avenue<br>Warwick, RI  02886<br>PHONE:  (401) 737-3700<br>FAX:  (401) 737-5499<br>EMAIL:  mjc@olenn-penza.com |

## **CERTIFICATION**

I hereby certify that I have filed the within with the United States District Court on this 6th day of June 2024, that a copy is available for viewing and downloading via the ECF system, and that I have caused a copy to be sent to:

Albert E. Medici, Jr., Esq.
1312 Atwood Avenue
Johnston, RI  02919

Jillian H. Barker, Esq.
Steven B. Nelson, Esq.
Senior Assistant City Solicitors
City of Providence
444 Westminster Street, Suite 220
Providence, RI  02903

/s/ Michael J. Colucci