MJC:maz 95465 \Pleadings\95465 78 MIL re emotional distress 6-6-24

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

NELSON SANTIAGO, ET AL          :
                                         :
     VS.                          :      C.A. NO. 1:19-cv-00591-JJM-PAS
                                         :
MATTHEW SHERIDAN, ET AL       :

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE THE PLAINTIFFS FROM INTRODUCING AND/OR REFERENCING EVIDENCE OR TESTIMONY REGARDING ALLEGED EMOTIONAL DISTRESS

*[In addition to the content of this motion, the defendants incorporate the factual background enunciated in their pre-trial memorandum of law.]*

Now come the defendants and move, *in limine*, to preclude the plaintiffs from introducing and/or referencing evidence or testimony regarding alleged emotional distress.

### ARGUMENT

Plaintiffs allege intentional infliction of emotional distress against Defendant Officer Sheridan in Counts Seven (7) and (8) of their Complaint. Count Fifteen (15) of Plaintiffs' Complaint alleges, in pertinent part, that "as a direct and proximate result of Sheridan's negligence or gross negligence, reckless disregard, and heedless indifference as aforementioned, Plaintiff Santiago suffered severe personal injuries, pain and suffering, emotional distress...." *See* E.C.F. No. 1, pg. 19, ¶107. The same exact language is reiterated in count sixteen (16) but related to Plaintiff Sanchez specifically. *Id.*, pg. 20, ¶110.

To prevail on a claim of intentional infliction of emotional distress, a plaintiff must prove (1) conduct that is intentional or in reckless disregard of the probability of causing emotional distress; (2) conduct that is extreme and outrageous; (3) a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress in question is severe. *See Swerdlick v. Koch*, 721 A.2d 849, 862 (R.I. 1998). In addition, plaintiff is required to submit some proof of medically established physical symptomatology for both intentional and negligent infliction of mental distress. *Id.* at 863.

A plaintiff must allege not only extreme and outrageous conduct on the part of the defendants but must also allege the existence of resulting physical symptomology because of a defendant's extreme and outrageous conduct.  *Clift v. Narragansett Television L.P.*, 688 A.2d 805, 813-14 (R.I. 1996); *see also, Reilly v. United States*, 547 A.2d 894, 897 (R.I. 1988) (explaining that without accompanying physical symptomology, the standard for emotional distress would be too subjective and too easily subject to fraud).  Allegations of extreme and outrageous conduct cannot be merely inconvenient or offensive but instead must be "so extreme and outrageous as to be atrocious and utterly intolerable in a civilized community."  *Jalowy v. The Friendly Home, Inc.*, No. CA 93-0511, 2001 WL 171918, at *5 (R.I. Super. Feb. 12, 2001) (internal quotation omitted).  In addition, a plaintiff must present "at least some proof of *medically established physical symptomology*."  *Swerdlick v. Koch*, 721 A.2d 849, 863 (R.I. 1998).  Here, the Plaintiffs have not sufficiently alleged such facts.  Nor can the Plaintiffs *produce* such facts because they do not exist.  Plaintiffs have not provided any documented evidence of medically established physical symptomology to support their claims of emotional distress and therefore should be prohibited from producing such evidence at trial, or introducing any evidence of the same.  Allowing evidence and/or testimony to support an allegation of emotional distress, without the required corroborating medical evidence will unfairly prejudice the Defendants and risk confusing the jury as to the elements of Plaintiffs' claims in violation of Rule 403 of the Federal Rules of Evidence.

As such, your defendants respectfully request that this motion be granted.  Alternatively, should this Court allow evidence and testimony of emotional distress, the Defendants ask that the Court provide the jury with a limiting instruction that any testimony of emotional distress may not be considered by the jury to prove the Plaintiffs' claims of intentional infliction of emotion distress.

DEFENDANT, CITY OF PROVIDENCE,
By its Attorney

/s/ Jillian H. Barker
Jillian H. Barker, Esq. #8353
Senior Assistant City Solicitor
/s/ Steven B. Nelson
Steven B. Nelson, Esq. #8142
Senior Assistant City Solicitor
CITY OF PROVIDENCE
444 Westminster Street, Suite 220
Providence, RI  02903
PHONE:  (401) 680-5520
FAX:  (401) 680-5333
EMAIL:  jbarker@providenceri.gov
EMAIL:  snelson@providenceri.gov

DEFENDANT, SHERIDAN
By his Attorney,

/s/ Michael J. Colucci
Michael J. Colucci, Esq. #3303
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI  02886
PHONE:  (401) 737-3700
FAX:  (401) 737-5499
EMAIL:  mjc@olenn-penza.com

### CERTIFICATION

I hereby certify that I have filed the within with the United States District Court on this 6th day of June 2024, that a copy is available for viewing and downloading via the ECF system, and that I have caused a copy to be sent to:

Albert E. Medici, Jr., Esq.
1312 Atwood Avenue
Johnston, RI  02919

Jillian H. Barker, Esq.
Steven B. Nelson, Esq.
Senior Assistant City Solicitors
City of Providence
444 Westminster Street, Suite 220
Providence, RI  02903

/s/ Michael J. Colucci